# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

RAMIN DESIGN, LLC, including all of its officers, directors, representatives, members, shareholders, owners, agents, employees, successors, assigns, agents and attorneys and RAMIN ALEYASIN, including all of his heirs, representatives, attorneys, successors, assigns and agents, (hereinafter collectively referred to as "Defendants"), and NATASHA SHELDON including her heirs, representatives, attorneys, successors, assigns and agents, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's alleged employment with, or the alleged separation of her employment with the Defendants, or any work which Plaintiff performed for Defendants as an alleged independent contractor or the alleged breach of any independent contractor agreement, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed before the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being affirmatively and knowingly released and discharged by Plaintiff are all claims under:

   a) Title VII of the 1964 Civil Rights Act;
   b) The Civil Rights Act of 1991;
   c) The Age Discrimination in Employment Act;
   d) The Older Workers Benefit Protection Act
   e) The Equal Pay Act;
   f) The Fair Labor Standards Act ("FLSA");
   g) The Employee Retirement Income Security Act (ERISA);
   h) The Americans with Disabilities Act of 1990;
   i) The Rehabilitation Act of 1973;
   j) The Family and Medical Leave Act of 1993;
   k) 42 U.S.C. §§ 1981, 1985(3), and 1986;
   l) The Occupational Safety and Health Act;
   m) Chapter 760, Florida Statutes;
   n) The Florida Private Whistle-blower's Act of 1991;
   o) Chapter 11A of the Miami-Dade County Code;
   p) Any or oral or written contract between Plaintiff and any of the Defendants;
   q) Florida Minimum Wage Law.

*NS*

2. This Release includes all claims which were, or could have been, asserted in the lawsuit styled **SHELDON v. RAMIN DESIGN, LLC et al.**, Case Number 15-20200-CIV-JAL currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Consideration**. In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to settle this matter in the total amount of Nine Thousand Nine Hundred Dollars and No Cents ($9,900.00). This total settlement shall be paid to office of Plaintiff's counsel in a single check payable to Client Trust Account of J.H. Zidell, P.A. no later than April 7, 2015 or earlier. Defendants will provide Plaintiff and Plaintiff's counsel with IRS Forms 1099 for the payments made hereunder.

Of the settlement proceeds, Plaintiff shall receive a total of ($5,380.00), and Plaintiff's Counsel shall receive a total of ($4,520.00) as payment for fees and costs incurred in this case [$560.00 of that total to Plaintiff's Counsel represents costs].

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or any other statute or common law cause of action, and expressly deny any and all such liability and aver that Plaintiff at all times acted as an independent contractor. Rather, the decision to settle was made as a business decision.

4. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or by any other means. The parties further agree they will not make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests a reference for Plaintiff, the parties agree that Defendants will provide only a neutral reference, limited to stating the dates Plaintiff performed services for Defendants, and/or position held, and/or rate of compensation. Although disputed in this matter, it is Defendants' position that Plaintiff was an independent contractor, and therefore Defendants will not refer to Plaintiff as an employee but rather an independent contractor if such a neutral reference is given.

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    a) **Dismissal of Lawsuit**. The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

    b) **Dismissal of Miami-Dade Wage Theft Administrative Action**. Plaintiff agrees to dismiss her Miami-Dade County Wage Theft Administrative Action, *Natasha*

*Sheldon v. Ramin Designs, LLC*, Case No. 2014-10921, with prejudice contemporaneous with the dismissal of the Lawsuit.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff have been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

9. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. A electronic signature shall constitute an original signature for purposes of this Agreement.

10. **Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed or communicated or disclosed either directly or indirectly with any past, present or future employees, contractors or agents of the Defendants or with any other persons or entities, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountant; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law. As to the terms of this agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any breach of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party.

Plaintiff agrees not to contact either directly or in directly any of Defendants' past and current customers, tenants, contractors, and/or employees, members of Defendant Ramin Aleyasin's family or any person or entity engaged by Defendants or to interfere with Defendants' businesses. Plaintiff agrees not to encourage any person or entity to sue or bring any claims against Defendants or to assist any person or entity in suing or bringing any claims against Defendants.

11. **Default**: Should Defendants fail to make payment of the settlement funds pursuant to this Settlement Agreement or should any check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defense Counsel.

In the event Defendants fail to cure said breach within (5) business days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally, for the full amount of this settlement plus any fees and costs incurred in enforcing said settlement agreement.

By: */s/ Natasha Sheldon/*  
NATASHA SHELDON

Date: 03/31/2015

RAMIN DESIGN, LLC  
By: _____  
Name: _____  
Title: _____  
Date: _____

By: _____  
RAMIN ALEYASIN

Date: _____

In the event Defendants fail to cure said breach within (5) business days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally, for the full amount of this settlement plus any fees and costs incurred in enforcing said settlement agreement.

By: _____
NATASHA SHELDON

Date: _____

RAMIN DESIGN, LLC
By: _Steven F. Samulas as PoA for_ 
Name: _____ Ramin Design, LLC
Title: _____
Date: _April 2, 2015_

By: _Steven F. Samulas as PoA for_
RAMIN ALEYASIN  Ramin Aleyasin
Date: _April 2, 2015_